PRODUCE MERCANTILE COMPANY, Plaintiff and Appellee, v. BULL INSULAR LINE, INC., Defendant and Appellant.

No. 4102.   Argued May 20, 1927.—Decided November 27, 1928.

*Hartzell, Kelly & Hartzell* and *Rafael O. Fernández* for the appellant.   *Luis Janer* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The Produce Mercantile Co. of San Juan brought an action against the Bull Insular Line, Inc., alleging in substance that on September 4, 1922, the plaintiff and the de-

fendant entered into a contract of affreightment for the transportation to Santo Domingo, Dominican Republic, by the defendant of six cases of crystal glass plates for automobiles and that on payment of $19.49 it was given a bill of lading; that in addition to the $19.49 it paid to the defendant the sum of $500, equivalent to 20 percent of the value of that merchandise, to insure it against the risk of breakage; that it covered that risk with the defendant on the statements and promises previously made by the defendant which led the plaintiff; to believe that the defendant had an open policy in the name of A. H. Bull & Co. for the protection of the interests of its patrons in different insurance companies of the United States; that the said steamship company immediately assumed the responsibility of the risk, subrogating itself to the rights and interests of the shippers in order to claim from the reinsurers in the United States the amounts paid; that the six cases of glass plates belonging to the plaintiff were shipped in good condition on a steamer of the defendant and reached their destination on the following day completely broken, and that on request it furnished the defendant with several invoices, bills of lading and other documents necessary for liquidating the said policy, but after undue delays the defendant has refused to pay the $2,500 as the amount of the damages suffered by the plaintiff by the breakage of the glass on the ground that its insurers in the United States refused to pay the said sum, without giving any cause or reason for such refusal. ·On these pleadings it prayed for judgment for $2,500, with interest and costs. There is attached to the complaint a bill of lading for the said cases containing, among other things, the following in Spanish and English: "*Asegurado contra rotura por* $2,500—Insured under open policy of A. H. Bull & Co. for $2,500. Paid Sept. 4, 1922, Bull Insular Line, Inc.—M. Cashier."

The Bull Insular Line, Inc., alleged in a demurrer that

the complaint was ambiguous and did not state facts suf-
ficient to constitute a cause of action, but the demurrer was
overruled and the defendant answered. It denied that it as-
sumed the risk, or did business as insurer, or ever led the
plaintiff to understand that it did, and alleged that the only
thing it said was that the merchandise could be insured in
an insurance company under an open policy in the name
of A. H. Bull & Co. and that in this matter it acted only as
intermediary between the plaintiff and the insurance com-
pany to which it forwarded immediately through A. H. Bull
& Co. the whole premium of $500 paid by the plaintiff. It
denied that it had stated or promised that it would assume
the risk in case of accident and would pay the insurance,
subrogating itself to the rights and interests of the plaintiff.
It denied that at the time of shipping the crystal glass plates
and of unloading them in Santo Domingo they belonged to
the plaintiff and also that they had been shipped in perfect
condition, had arrived completely broken and their value was
$2,500. It alleged that although the plaintiff furnished the
defendant with certain documents relating to its claim for
the breakage, it was not for the purpose of aiding the de-
fendant in liquidating the loss, but for their submission to
the insurance company in the United States, acting merely
as an intermediary, and in that capacity it submitted them
to the insurance company which rejected the claim, and it
conveyed this information to the plaintiff with the advice
that it should treat directly with the insurance company.

After trial the district court adjudged that the defendant
pay to the plaintiff the $2,500 claimed, with legal interest
thereon from October 1, 1922, and the costs, from which
judgment this appeal was taken.

At the hearing on this appeal the attorney for the ap-
pellant withdrew the second and third grounds of the ap-
peal referring to occurrences before the trial.

We agree with the appellant that the only theory which

arises from the facts alleged in the complaint is that the steamship company is bound for the claim made against it because it agreed with the plaintiff to assume the risk in case of accident so as to make the claim against the insurance company as subrogated to the rights of the insured, for it contains no facts from which the conclusion may be reached that the defendant acted as insurer of the merchandise, inasmuch as it has no allegations about the issuance of the policy by the defendant to the plaintiff, its date, the duration of the insurance and other matters which are necessary in policies according to section 738 of the Code of Commerce, nor for making it liable as the agent of the insurance company, as it does not say that the latter was not authorized to do business in Porto Rico or that by the negligence or inexperience of the defendant the insurance policy was void or ineffective.

. The trial court did not base its judgment on the only viable theory of the complaint, that is, that the defendant agreed to pay the loss and to make the claim itself, since no evidence of that was produced at the trial, but based it on the bill of lading containing a valid insurance contract and on the defendant's acting as the general agent of A. H. Bull & Co.

Nobody testified at the trial that the Bull Insular Line, Inc., is the general agent in Porto Rico of A. H. Bull & Co. On the contrary, it appears from the bill of lading, from the captions of the letters from the defendant and from the uncontradicted testimony of Eduardo Ferrer that A. H. Bull & Co. are the general agents of the Bull Insular Line, Inc., and therefore the judgment appealed from can not be sustained on the erroneous fact that the latter is the general agent of the former. Nor is it said in the letters from the defendant to the plaintiff that it would send the claim of the plaintiff to its principal, but that it would forward it to the insurers.

The note written on the bill of lading by the defendant

to the effect that the merchandise was insured in an open policy of A. H. Bull & Co. shows that no insurance contract was made between the Bull Insular Line and the plaintiff, nor is it shown thereby that it acted as the agent of the American Insurance Co. which, according to the letters of the defendant, is the insurer in this case. That the plaintiff never considered the defendant as the insurer of the merchandise is shown by its letter of March 5, 1923, wherein information is requested as to what insurance company had insured the merchandise and by another letter written eleven days later repeating the question and saying that it sends the documents relating to its claim to be forwarded to its agent in New York in view of the fact that by acting through the defendant the matter was being greatly delayed. It is true that after those letters and after notice that the insurance company rejected the claim it wrote other letters to the defendant referring to it as the insurer, but those letters were written for its own benefit and were not admissible as evidence that the defendant was the insurer, in accordance with the case of *Freiría & Co. Ltd.* v. *Cortés Bros. & Co.,* 32 P.R.R. 117.

In the complaint no claim is made from the defendant as the agent of an insurance company which is not authorized to do business in this Territory, as it does not contain any allegation whatever in that sense, or that the policy is void or of no effect because of the negligence of the defendant. Therefore, evidence of that fact was not admissible and no claim lies against the defendant as the agent of the insurance company.

Moreover, the basis of the complaint that the defendant was liable because it agreed to assume the risk was not sufficient to support a judgment against it, for as that contractual relation was equivalent to a commercial guaranty, as is insurance in the present case, it is considered as commercial even though the guarantor is not a merchant, accord-

ing to section 39 of the Code of Commerce. Such guaranty, according to section 440 thereof, must be reduced to writing, which was not done in this case.

For the foregoing reason the judgment appealed from must be reversed and substituted by a judgment for the defendant without special imposition of costs.

Mr. Justice Texidor took no part in the decision of this case.